UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION N.A., dba CALIFORNIA BANK & TRUST, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>RMS CLOUD NORTH AMERICA, LLC, a Delaware limited liability company; RMS NORTH AMERICA, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.:  24-cv-2275-AJB-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING RMS NA, INC. AND REZA PAYDAR'S MOTION TO STAY AND RETAIN FUNDS (Doc. No. 49)**<br><br>**(2) DENYING RMS CLOUD NORTH AMERICA, LLC'S MOTION FOR DISBURSEMENT OF FUNDS (Doc. No. 50)**<br><br>**(3) STAYING CASE PENDING RESOLUTION OF STATE COURT ACTION** |

Before the Court are two motions: (1) RMS NA, Inc. and Reza Paydar's ("RMS NA") Motion to Stay the Interpleader Action and Retain the Funds, or in the Alternative, Transfer the Funds (Doc. No. 49) and (2) RMS Cloud North America LLC's ("RMS Cloud") Motion for Disbursement of Interpleaded Funds (Doc. No. 50). The Court finds the matters suitable for determination on the papers and without oral argument, pursuant to Local Civil Rule 7.1.d.1.

1

## I.   BACKGROUND

### A.   The Related Action

On August 1, 2024, RMS NA filed a complaint against RMS (AUS) PTY LTD ("RMS Australia"), RMS GLOBAL PTY LTD ("RMS Global"), P & J Buttigieg Nominees Pty Ltd, Peter Anthony Buttigieg, Jennifer Lynn Buttigieg, Ascott 2 Pte Ltd, and Advent Partners 3 Fund LP (collectively, the "Defendants"), asserting claims for breach of contract, breach of fiduciary duty, intentional interference with contract, negligent interference with contract, fraud, and declaratory relief (the "Related Action"). *RMS NA, Inc. v. RMS (AUS) PTY LTD*, No. 3:24-cv-1366-AJB-MMP (S.D. Cal. Aug. 1, 2024). RMS NA filed an amended complaint on November 27, 2024. *RMS NA*, No. 24-cv-1366-AJB-MMP, First Amended Complaint, Doc. No. 49. And a second amended complaint on March 11, 2025. *RMS NA*, No. 3:24-cv-1366-AJB-MMP, Second Amended Complaint, Doc. No. 67.

On April 1, 2025, Defendants in the Related Action filed two motions to dismiss RMS NA's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)6) for failure to state a claim. *RMS NA*, No. 24-cv-1366-AJB-MMP, Motions to Dismiss, Doc. Nos. 70; 71. The Court granted the motions to dismiss, finding the parties in the Related Action were not diverse. *RMS NA*, No. 24-cv-1366-AJB-MMP, Order Granting Motions to Dismiss, Doc. No. 84. On November 25, 2025, RMS NA refiled its complaint in the Superior Court of the State of California against the same defendants and asserting the same causes of action as those alleged in the Related Action. (Doc. No. 49-1 at 4.)

### B.   The Interpleader Action

The instant interpleader action arises from a dispute over ownership of funds held in two commercial checking accounts maintained by Zions Bancorporation, N.A. d/b/a California Bank & Trust ("CB&T") (the "Disputed Accounts") ("Interpleader Action"). (Doc. No. 7–8.) RMS North America, LLC ("RMS North America") is a CB&T business

2

customer that maintained the Disputed Accounts at CB&T's La Jolla branch pursuant to CB&T's Deposit Account Agreement. (*Id.*)

In September 2024, CB&T was notified of a dispute regarding ownership of the Disputed Accounts. (Doc. No. 1 ¶ 9.) On September 20, 2024, RMS North America requested that CB&T place a debit block on the accounts, advising CB&T of an ongoing ownership dispute. (*Id.*) In accordance with its Deposit Account Agreement, CB&T placed a hold on the accounts. (*Id.*) Shortly thereafter, conflicting demands were made on the accounts. (*Id.* ¶ 11–12.) On September 25, 2024, Mr. Peter Buttigieg, a defendant in the Related Action, sought restoration of access to the accounts. (*Id.* ¶ 11.) CB&T directed Mr. Buttigieg to resolve the issue with RMS North America pursuant to the Deposit Account Agreements. (*Id.* ¶ 11.) On October 7, 2024, RMS Cloud notified CB&T that RMS Cloud was the lawful owner of the Disputed Accounts pursuant to an Asset Purchase Agreement, purportedly effective September 20, 2024. (*Id.* ¶ 12.) RMS Cloud further asserted that RMS North America had been dissolved. (*Id.* ¶ 13.) CB&T was subsequently notified that the Related Action was filed concerning, among other issues, the parties' respective rights to the Disputed Accounts. (*Id.* ¶ 10.)

Faced with these competing claims and the risk of multiple liability, CB&T determined that it could not safely disburse the funds without judicial intervention. (*Id.* ¶ 17.) Thus, on December 5, 2024, CB&T filed the instant action in interpleader against RMS, RMS Cloud, and RMS North America (collectively, "Defendants-in-Interpleader") arising from competing claims to the Disputed Accounts. (Doc. No. 1.)

Only July 11, 2025, at the Early Neutral Evaluation before Magistrate Judge Michelle M. Pettit, the parties jointly moved to stay the Interpleader Action pending resolution of motions to dismiss filed in the Related Action. (Doc. No. 37.) The Court granted the parties' joint motion and stayed the Interpleader Action on July 14, 2025. (Doc. No. 38.)

On August 1, 2025, the parties to the Interpleader Action stipulated and jointly requested that the Court enter an order directing CB&T to deposit the funds from the

24-cv-2275-AJB-MMP

Disputed Accounts with the Court, less $17,500; discharge CB&T from the action; dismiss RMS Cloud's counterclaim against CB&T with prejudice; and withdraw CB&T's pending motion. (Doc. No. 39.) On August 5, 2025, the Court entered an order providing that: (1) CB&T would deposit the funds from the Disputed Accounts, less $17,500, into the Court's registry; (2) upon receipt of the funds, CB&T would be discharged from the litigation, and its motion to deposit funds and for judgment in interpleader would be deemed withdrawn; (3) RMS Cloud's counterclaim against CB&T was dismissed with prejudice; and (4) RMS Cloud's remaining claims against RMS NA would remain stayed. (Doc No. 40.) On August 18, 2025, CB&T filed a declaration stating that it would deposit $579,045.27, the funds from the Disputed Accounts, with the Clerk of the Court. (Doc. No. 42.) And on August 25, 2025, consistent with that declaration, the Court ordered CB&T to deposit $579,045.27 with the Clerk as interpleader funds (the "Interpleaded Funds"). (Doc. No. 43.)

On November 19, 2025, the Court issued an order setting a show cause hearing as to why the Interpleader Action should not be dismissed in light of the resolution of the Related Action. (Doc. No. 45.) The Court held the show cause hearing on December 11, 2025. (Doc. No. 48.) The pending motions follow.

## II.    DISCUSSION

### A.    Jurisdiction Over the Interpleaded Funds

RMS Cloud argues that it is the only party claiming entitlement to the Interpleader Funds. (Doc. No. 50-1 at 3.) Thus, because the federal interpleader statute, 28 U.S.C. § 1335, only permits the Court to address disputes between "two or more adverse claimants" that "are claiming or may claim to be entitled" to money or property, the Court lacks jurisdiction, this case should be dismissed, and the Interpleaded Funds be released to RMS Cloud. (*Id.* at 2–3 (citing 28 U.S.C. § 1335(a)(1)).)

RMS counters, stating that it has "*always* asserted its entitlement to the [I]nterpleaded [F]unds—first by way of a district court action, then vis-à-vis a state court action." (Doc. No. 52 (emphasis in original).) RMS argues that because this Court

4

"exercises supreme control over the funds in its registry, it should retain the [Interpleaded] Funds and stay the interpleader action to preserve the *status quo* while the Parties' dispute is adjudicated in state court." (Doc. No. 49-1 at 5.) According to RMS, the Court assumed *in rem* jurisdiction over the Interpleader Funds when CB&T deposited the funds into the Court's registry. Once deposited, the Court's authority attached to the *res* itself and continues regardless of the subsequent dismissal of the Related Action. (*Id.*) The Court agrees.

As an initial matter, the Court finds RMS Cloud's argument that there are not two or more adverse claimants claiming entitlement of Interpleaded Funds unpersuasive. As a former member of RMS North America, RMS essentially asserted a claim to the Interpleaded Funds through the Related Action. RMS has maintained that "RMS North America, LLC was fraudulently terminated and some of its assets were fraudulently transferred to RMS Cloud North America, LLC and others." (Doc. No. 9 ¶ 3.) Because "[t]he court's jurisdiction under the interpleader statute extends to *potential*, as well as actual, claims" the Court finds it has jurisdiction over this action. *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999) (emphasis added).

Moreover, once the Interpleaded Funds were deposited into the Court's registry, the funds became subject to the Court's continuing *in rem* jurisdiction. "Funds deposited in the registry of a federal district court are *in custodia legis*." *United States v. Rubenstein*, 971 F.2d 288, 294 (9th Cir. 1992). As such, the district court's control over the funds is virtually supreme. *Id.* (citing *U.S. v. Van Cauwenberghe,* 934 F.2d 1048, 1062; *Landau v. Vallen,* 895 F.2d 888, 893–94). Delivery of funds deposited with the court are to be made "under the direction of the court." 28 U.S.C. § 2041. And "[n]o money deposited under section 2041 of this title shall be withdrawn except by order of court." 28 U.S.C. § 2042.

Here, it is undisputed that the Interpleader Funds were deposited into the Court's registry pursuant to the parties' stipulation and Court Order. (*See* Doc. Nos. 49 at 3–4; 50-1 at 5.) Thus, the Court's jurisdiction over the funds persists until the Court orders

24-cv-2275-AJB-MMP

distribution of the funds. Accordingly, the Court retains authority to control and preserve the Interpleader Funds.

### B. Motion to Stay

The Court finds that a stay is appropriate. "Under *Colorado River*, considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter." *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (internal quotation marks and citations omitted). The doctrine applies only when the state and federal actions are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). When that threshold requirement is satisfied, courts in the Ninth Circuit apply an eight-factor test to determine whether to decline jurisdiction:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

Here, the state court action involves substantially similar issues and provides an adequate forum for resolution of those issues. RMS Cloud argues that this action should not be stayed because RMS "cannot make their threshold showing that the California state court action will necessarily resolve the issues in this action." (Doc. No. 51.) However, this argument is undercut by RMS Cloud's previous agreement to stay the Interpleader Action pending resolution of the motions to dismiss in the Related Action. (*See* Doc. No. 37.) Indeed, determining entitlement of the Interpleaded Funds necessarily turns on the outcome of the state court action. Staying this case while retaining the funds in the Court's registry preserves the *status quo*, avoids duplicative litigation, and ensures that the funds remain under judicial control pending final adjudication. The Court further finds that transfer of

24-cv-2275-AJB-MMP

the funds to the state court is unnecessary at this time, as retention adequately protects the interests of all parties.

**III.    CONCLUSION**

For the foregoing reasons, the Court **ORDERS** as follows:

1.    RMS Cloud North America LLC's Motion for Disbursement of Interpleaded Funds is **DENIED** (Doc. No. 50);

2.    RMS NA, Inc. and Reza Paydar's Motion to Stay is **GRANTED** (Doc. No. 49);

3.    This action is **STAYED** pending final resolution of the related state court proceeding;

4.    The Clerk of Court will retain the Interpleaded Funds in the Court's registry until further order of this Court; and

5.    The parties must file a joint status report within 14 days of final resolution of the state court action.

**IT IS SO ORDERED.**

Dated:  March 27, 2026

Hon. Anthony J. Battaglia
United States District Judge

7

24-cv-2275-AJB-MMP